IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FRANKIE LEE COX, § | |
| No. 02217036, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | NO. 4:24-CV-870-O |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the petition of Frankie Lee Cox for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DISMISSED** as untimely.

**I.   BACKGROUND**

On June 27, 2018, Petitioner was convicted of engaging in organized criminal activity and sentenced to a term of imprisonment of forty years. ECF No. 11-20 at 53–54. Petitioner appealed and his conviction was affirmed. *Cox v. State*, No. 11-18-00189-CR, 2020 WL 3287123 (Tex. App.—Eastland June 18, 2020, pet. denied). On October 28, 2020, the Texas Court of Criminal Appeals ("CCA") refused his petition for discretionary review. *Id.*

On July 15, 2022, Petitioner filed his state application for writ of habeas corpus. ECF No. 11-20 at 21. On December 7, 2022, the application was denied without written order on findings of the trial court without hearing and on the CCA's independent review of the record. ECF No.

1

11-24.

On September 2, 2024, Petitioner filed his federal application for writ of habeas corpus.[1] ECF No. 1 at 11. He asserts five grounds in support: (1) ineffective assistance of counsel; (2) denial of the right to confront and cross-examine witnesses; (3) prosecutorial misconduct based on hearsay statements being presented; (4) the criminal statute under which Petitioner was convicted is unconstitutionally vague and overbroad; and (5) actual innocence based on lack of evidence to support conviction. *Id.* at 6–8.

## II.  LIMITATIONS

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1).   Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

---

[1] It appears that Petitioner actually submitted his petition for mailing on September 3, 2024, the date of his cover letter to the clerk enclosing the application, request for leave to proceed *in forma pauperis*, and supporting memorandum. ECF No. 1 at 12. The date is not material to the determination.

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Ineffective assistance is irrelevant to the determination of a right to equitable tolling because a prisoner has no right to counsel during post-conviction proceedings.

*Petty*, 530 F.3d at 366. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his motion. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.*; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## IV. ANALYSIS

Petitioner's judgment became final on March 29, 2021, when the time for filing a petition for writ of certiorari expired. *Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009). *See Misc. Order Addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (U.S. Mar. 19, 2020), *rescinded* July 19, 2021. There can be no argument that a later date should apply, since all of his grounds were known to Petitioner by the conclusion of trial at the latest. His state application, filed July 15, 2022, more than one year after his judgment became final, did not extend the time for filing a federal habeas application. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013);

4

*Scott*, 227 F.3d at 263.

Petitioner acknowledges that the petition is untimely. ECF No. 1 at 10[2]; ECF No. 2 at 3–4.[3] His excuse is that his property was misplaced for approximately two years. ECF No. 2 at 3. He also refers to his having been transferred three times. *Id.* at 4. As noted, transfers and delays are a routine part of prison life and do not constitute rare and extraordinary circumstances. *Wallace*, 981 F. Supp. 2d at 1165; *Cockerham*, 2012 WL 12867870, at *2. Even if they did, Petitioner has not made any attempt to show that he acted diligently at any time to pursue habeas relief. *Holland*, 560 U.S. at 649; *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004). In particular, he fails to explain the twenty-one month gap between the denial of his state application and the filing of this federal habeas proceeding. He acknowledges that the same person helped him prepare both applications. ECF No. 1 at 10. His federal habeas application is more than twenty-nine months' overdue and Petitioner has not shown that he is entitled to equitable tolling.

To the extent Petitioner purports to rely on actual innocence as a gateway past limitations, he has not supported his allegation with any "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Rather, he simply argues that there was insufficient evidence to support his conviction. That does not suffice.

## V.     CONCLUSION

For the reasons discussed herein, the petition is **DISMISSED**.

---

[2] The page reference is to "Page 10 of 13" reflected at the top right portion of the document on the Court's electronic filing system and is used because the type-written page numbers on the form used by Petitioner do not reflect the actual page numbers.

[3] The page number references to the memorandum are to "Page __ of 10" reflected at the top right portion of the document.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **23rd day** of **December, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**